STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. WILLIAM GEORGE DOSS, DEFENDANT-APPELLANT.

Argued December 21, 1971—Decided January 17, 1972.

*Mr. Paul J. Feldman* argued the cause for defendant-appellant (*Mr. Charles Frankel,* attorney).

*Mr. Edward R. Rosen,* Assistant County Prosecutor, argued the cause for plaintiff-respondent (*Mr. Vincent P. Keuper,* Monmouth County Prosecutor, attorney).

PER CURIAM. ■ On August 3, 1966, Miss Donna DeRier was brutally murdered in Allaire State Park in Monmouth County. Shortly thereafter defendant Doss was arrested and indicted for the crime. At his subsequent trial the State demanded the death penalty. The jury found him guilty of murder in the first degree without a recommendation for life imprisonment. Thereupon, the trial court imposed the mandatory death sentence. *N. J. S. A.* 2A:113-4. Appeal to this Court followed. *R.* 2:2-1(a)(3). We affirm the finding of defendant's guilt, but for the reasons expressed in

*State v. Funicello,* 60 *N. J.* 60 (1972) the judgment is modified to the end that the death penalty is vacated and a sentence of life imprisonment is imposed instead.

At the lengthy trial the State introduced much direct and circumstantial evidence of defendant's guilt of the homicide — including inculpatory statements and an unsigned confession, which the trial court and a jury found were given voluntarily. Although defendant testified that he did not commit the murder, and undertook to place the blame on another person, the evidence in its totality amply justified the jury in disbelieving him and finding him guilty beyond a reasonable doubt.

On this appeal in seeking a reversal of the conviction, defendant presented numerous alleged trial errors. They charged generally that the trial court erred (1) in dealing with various aspects of the issue of the voluntariness of Doss's unsigned confession, (2) in ruling on motions for judgment of acquittal which were made at the close of the State's case and at the close of the entire case, (3) in admitting certain physical exhibits found at the scene of the crime, (4) in admitting certain testimony regarding the use of dogs during the police investigation, (5) in not striking certain testimony which, it was contended, was not in accordance with the pretrial bill of particulars furnished by the State, (6) in the manner in which the witnesses were sequestered, (7) in refusing to charge the jury regarding the alleged failure of the State to produce a certain witness, and the effect thereof since the withholding of the witness was allegedly prejudicial to the defense, (8) that parts of the prosecutor's summation (although not objected to at the trial) were improper and prevented a fair trial, (9) in excusing certain prospective jurors for cause on the *voir dire* on account of their views respecting capital punishment, contrary to the rule of *Witherspoon v. Illinois,* 391 *U. S.* 510, 88 S. Ct. 1770, 20 *L. Ed.* 2d 776 (1968) and *State v. Mathis,* 52 *N. J.* 238 (1968), (10) (although not raised at the trial) in submitting the capital punishment

issue to the jury, because the death penalty constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and (11) that cumulatively the trial errors were so prejudicial as to preclude a fair trial.

██ We have carefully examined the record in connection with each of the alleged grounds for reversal. The charge that the death penalty violates the Eighth Amendment to the Federal Constitution was disposed of adversely in *State v. Forcella,* 52 *N. J.* 263 (1968). The precise issue is pending presently before the United States Supreme Court. See *State v. Thompson,* 59 *N. J.* 396, 426–427 (1971). In any event, in view of the vacation of the death sentence in this case, there is no need to pursue the matter. Additionally, as we pointed out in *State v. Holland,* 59 *N. J.* 451 (1971) any prejudicial departure from the *Witherspoon* rule regarding selection of jurors for this capital case affected only the issue of punishment and not that of defendant's guilt. Since the death sentence is being vacated and life imprisonment substituted therefor, further consideration of the matter is not required. 59 *N. J.* at 463.

Our study of the other alleged trial and procedural errors satisfies us in the light of the record that no sufficient merit exists in any one of them, or all of them in combination, as to justify a reversal of the guilt facet of defendant's conviction. The conflicting factual problems were adequately developed by the parties, and they were submitted under a comprehensive charge of the court which put them in understandable perspective for determination by the jury. As we have said, the verdict of guilt finds ample support in the evidence, and we see no necessity for a detailed discussion of each alleged error.

Accordingly the sentence is modified as set forth above.

FRANCIS, J. (dissenting). I dissent for the reasons expressed in my dissent in *State v. Funicello,* 60 *N. J.* 60 (1972).

*For modification*—Chief Justice WEINTRAUB and Justices JACOBS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*Opposed*—Justice FRANCIS—1.