189 N.J. Super. 445 (1983)
460 A.2d 214
STATE OF NEW JERSEY, PLAINTIFF,
v.
ALAN BASS AND RENEE NICELY, DEFENDANTS.
Superior Court of New Jersey, Law Division Essex County.
Decided March 8, 1983.
On Further Death Penalty Challenges March 14, 1983.
*448 E. Carl Broege, for defendant Renee Nicely (Joseph H. Rodriguez, Public Defender, attorney).
Michele Adubato for defendant Alan Bass (David Glazer, attorney).
Hilary L. Brunell, Assistant Prosecutor, for plaintiff (George L. Schneider, Essex County Prosecutor, attorney).
STERN, J.S.C.
Defendants moved to dismiss this indictment, charging a capital offense, by asserting that N.J.S.A. 2C:11-3 is unconstitutional. They also attack the constitutionality of N.J.S.A. 2C:11-3(c)(4)(c) which the State claims to be the aggravating factor justifying imposition of the death penalty in this case. Notice that the State would endeavor to prove that factor was given at the arraignment. See R. 3:13-4. As a result the court granted defendants' request for a bill of particulars in preparation for trial and in anticipation of a challenge to the application of N.J.S.A. 2C:11-3(c)(4)(c).[1] However, the court has reserved *449 decision as to whether the sufficiency of the State's proofs or constitutionality of the aggravating factor, as applied, can be determined before trial or even before the penalty phase which follows a guilty plea or verdict. See N.J.S.A. 2C:11-3(c)(1); footnote 5, infra.
At argument on the motions, defendants tacitly agreed that an unconstitutional provision relating to the penalty or aggravating factor involved in this case could undoubtedly be severed, see State v. Funicello, 60 N.J. 60, 67 (1972); N.J.S.A. 2C:1-1(h). The State conceded because of procedures unique to the trial of a death penalty case, that defendants have standing to mount a pretrial facial constitutional attack upon the aggravating factor, N.J.S.A. 2C:11-3(c)(4)(c), which was noticed in this case. This opinion concerns only the constitutionality of the aggravating factor.[2]
To be successful on this motion, based on federal grounds, defendants must convince this court that the plurality in Godfrey v. Georgia, 446 U.S. 420, 100 S.Ct. 1759, 64 L.Ed.2d 398 (1980), was in error when it said that "In Gregg v. Georgia, 428 U.S. 153, 49 L.Ed.2d 859, 96 S.Ct. 2909, [(1976),] the Court held that this statutory aggravating circumstance (§ (b)(7)) is not unconstitutional on its face." 446 U.S., at 422, 100 S.Ct., at 1762 (emphasis added). See Gregg v. Georgia, supra, 428 U.S., at *450 199-204, 96 S.Ct., at 2937-2939 (opinion of Justices Stewart, Powell and Stevens), and concurring opinions.
N.J.S.A. 2C:11-3(c)(4)(c) is substantially identical to Ga.Code § 27-2534.1(b)(7) considered in Gregg and Godfrey. The only difference is that our aggravating factor applies only upon convictions for a purposeful or knowing murder (by "any person ... who committed the homicidal act by his own conduct or who as an accomplice procured the commission of the offense by payment or promise of payment, of anything of pecuniary value ..." N.J.S.A. 2C:11-3(c)), whereas the Georgia factor applies to certain crimes beyond murder.
N.J.S.A. 2C:11-3(c)(4)(c) provides as an aggravating factor permitting death that "The murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim". In Gregg, supra, the lead opinion of Justices Stewart, Powell and Stevens noted:
"It is, of course, arguable that any murder involves depravity of mind or an aggravated battery. But this language need not be construed in this way, and there is no reason to assume that the Supreme Court of Georgia will adopt such an open-ended construction." 428 U.S., at 201, 96 S.Ct., at 2938.
Four years later, in Godfrey, the issue was whether the Georgia Supreme Court "had adopted such a broad and vague construction of the § (b)(7) aggravating circumstance as to violate the Eighth and Fourteenth Amendments ..." 446 U.S., at 423, 100 S.Ct., at 1762. In holding that the Georgia Supreme Court did not apply a constitutional construction of the aggravating factor, 446 U.S., at 432, 100 S.Ct., at 1766, the plurality made clear that the statute could have been interpreted to permit non-arbitrary application "based on reason rather than caprice or emotion", 446 U.S., at 433, 100 S.Ct., at 1767. In Godfrey, the Georgia Supreme Court did not construe or limit section (b)(7) as it had in prior cases. But Godfrey is more than a disproportionality opinion. The United States Supreme Court addressed more than arbitrariness. The court seemingly approved section (b)(7) as previously construed by the state courts which subsequently *451 failed to review Godfrey by the same standard.[3] Thus, reading Gregg and Godfrey together leads to the conclusion that, properly construed and applied, N.J.S.A. 2C:11-3(c)(4)(c), like section (b)(7) of the Georgia Code, is constitutional. See also Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
Godfrey therefore makes clear that the three prong test, previously adopted in Georgia under section (b)(7), is constitutional. The test requires (1) evidence of torture, depravity of mind or an aggravated battery to the victim; (2) depravity of mind is the mental state which leads to torture or aggravated battery before the victim is killed, and (3) "torture and aggravated battery must be construed together, imposing a requirement for evidence that the victim was seriously physically abused prior to death." See 446 U.S., at 431, 100 S.Ct., at 1766; "Note, Criminal Procedure: Godfrey v. Georgia and the `Especially Heinous, Atrocious or Cruel Murder'", 34 Okla.Law Rev. 337, 341 (1981). So construed, N.J.S.A. 2C:11-3(c)(4)(c) is facially constitutional. Defendants insist that a "vague" death penalty statute cannot be saved by judicial construction. Compare Zant v. Stephens, supra; Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); State v. Profaci, 56 N.J. 346, 350 (1970); State v. De Santis 65 N.J. 462, 473 (1974). However, the New Jersey Legislature was clearly aware of the issues of concern to the United States Supreme Court when chapter 111 of the Laws of 1982 was adopted. In adopting the very language of Georgia (b)(7), it is beyond argument that the New Jersey Legislature was also adopting the interpretation of that language already *452 accepted by the United States Supreme Court. Cf, GATX Terminals Corp. v. N.J. Dept. Environmental Protection, 86 N.J. 46, 53 (1981); In Re Lichtenstein's Estate, 52 N.J. 553, 587 (1968); Todd Shipyards Corp. v. Weehawken, 45 N.J. 336, 343 (1965). It must be so construed in this case.
Defendants also claim that even if Godfrey upheld Georgia (b)(7) on Eighth Amendment grounds, it did not address Fourteenth Amendment due process concerns based on "overbreadth" or "vagueness".[4] They contend that the general public is not given adequate "notice" of the aggravating factor. The factor, of course, is not an element of the offense. It applies only upon a verdict or guilty plea to the underlying knowing or purposeful murder.[5] Independently, assuming that defendants can assert a Fourteenth Amendment challenge, I find that the aggravating factor provides notice to a reasonably intelligent person and that defendants' vagueness challenge must fail. See, Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982); Grayned v. City of Rockford, 408 U.S. 104, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); State v. Profaci 56 N.J. 346, 349 (1970); Town Tobacconist v. Kimmelman, 186 N.J. Super. 449 (App.Div. 1982). See also Lockett *453 v. Ohio, 438 U.S. 586, 597, 98 S.Ct. 2954, 2961, 57 L.Ed.2d 973, 984 (1978).
The motion is denied.

On Further Death Penalty Challenges
STERN, J.S.C.
Defendants move to dismiss this indictment, asserting that N.J.S.A. 2C:11-3 is for various reasons unconstitutional under the State and Federal Constitution. At oral argument defendants conceded that their attack, if successful, required only a determination that the death penalty or penalty proceeding was unconstitutional and that the indictment need not be dismissed. See State v. Funicello, 60 N.J. 60, 67 (1972) cert. den. 408 U.S. 942, 92 S.Ct. 2849, 33 L.Ed.2d 766 (1972); N.J.S.A. 2C:1-1(h).
This opinion disposes of the facial challenges to N.J.S.A. 2C:11-3 and the death penalty. However, the court intends to supplement, in an oral opinion, the points and reasons outlined herein.
An analysis of the United States Supreme Court opinions treating the death penalty reveals the following:
1. Under federal law the death penalty is not per se unconstitutional. E.g., Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
2. The death penalty cannot be mandatorily imposed following conviction for murder. See Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976) (Roberts I); Woodson v. North Carolina 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976).
3. Any mitigating factor must be considered. See Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982); Lockett v. Ohio, 438 U.S. [586], 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); Roberts v. Louisiana, 431 U.S. 633, 97 S.Ct. 1993, 52 L.Ed.2d 637 (1977) (Roberts II); Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); Gregg v. Georgia, supra.

4. Aggravating factors must be specified in the statute. See Gregg v. Georgia, supra; Jurek v. Texas, supra; Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976).
5. A court cannot prevent a finding of a lesser included offense where it is factually justified. See Hopper v. Evans, 454 U.S. 1136, [102 S.Ct. 991, 71 L.Ed.2d 288] (1982); Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); Roberts v. Louisiana I, supra.

*454 6. Aiders and abettors and cofelons in felony-murder cannot be found guilty as a principal and sentenced to death, unless they have actual intent to kill. See Enmund v. Florida, ___ U.S. ___, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); Jurek v. Texas, supra.

7. There is a requirement for adequate appellate review to assure against excessiveness and disproportionality. See Gregg v. Georgia, Proffitt v. Florida, Jurek v. Texas, Roberts v. Louisiana (I), all supra.

A review of N.J.S.A. 2C:11-3 indicates that it complies with these dictates of federal constitutional law. With regard to a charge on a lesser included offense, see also N.J.S.A. 2C:1-8.
Defendants assert many reasons in support of their contention that N.J.S.A. 2C:11-3 is unconstitutional. However, as they have been charged with only one aggravating factor, N.J.S.A. 2C:11-3(c)(4)(c), they have no standing to attack the construction of other aggravating factors.
This written opinion is designed to dispose of the principal challenges to the penalty and the procedures incorporated into N.J.S.A. 2C:11-3. Most of these claims must be considered pretrial, and even before a determination of guilt, because the same jury that decides the issue of guilt, which permits consideration of the death penalty, also considers the penalty. Therefore, the court must determine if this case will be tried as a capital cause, with its unique procedural requirements, before jury selection commences. Hence, the issues raised with respect to the constitutionality of N.J.S.A. 2C:11-3, except for aggravating factors other than the one noted in this case, are ripe for review.
1. Defendants claim that the number and scope of the aggravating factors embodied in N.J.S.A. 2C:11-3 essentially require capital punishment to be imposed. As noted above, the United States Supreme Court has held that a mandatory death penalty even for murder is unconstitutional E.g., Woodson v. North Carolina, supra. Moreover, there cannot be unbridled and limitless discretion in permitting imposition of the death penalty. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). However, our death penalty does not apply to all *455 convictions for murder, and more significantly, statutes using the aggravating-mitigating scheme similar to that employed in New Jersey have been upheld. See Gregg v. Georgia, and Proffitt v. Florida, both supra; see also, Jurek v. Texas, supra. Compare Lockett v. Ohio, supra, 438 U.S., at 606-609, 98 S.Ct. at 2965-2967; Proffitt v. Wainwright 685 F.2d 1227, 1238-1239 (5th Cir.1982) (distinguishing Florida and Ohio statutes). Moreover, as noted above, defendants do not have standing to address allegedly "overbroad" construction of aggravating factors other than N.J.S.A. 2C:11-3(c)(4)(c) which has been noticed in this case.[1]
2. Defendants assert that the statute is unconstitutional because it does not provide that the jury can recommend mercy or punishment other than death, despite the proofs. It is true that under the Georgia statutory complex, referred to in Gregg, "the jury is not required to find any mitigating circumstance in order to make a recommendation of mercy that is binding on the trial court." Gregg v. Georgia, supra, 428 U.S. at 196-199, 96 S.Ct. at 2936-2937. However, even if this was construed as a constitutional requirement, the construction could be given without statutory language to that effect. Moreover, it appears that statutes without such a provision have been upheld. See Adams v. Texas, 448 U.S. 38, 41, 100 S.Ct. 2521, 2524, 65 L.Ed.2d 581, 587 (1980) (footnote 1); Proffitt v. Florida and Jurek v. Texas, both supra.
3. Defendants insist that N.J.S.A. 2C:11-3 is unconstitutional because they must show that mitigating factors outweigh the aggravating factors once the state proves the existence of an aggravating factor. This issue poses the most serious and closest question for consideration. The statute provides in N.J.S.A. 2C:11-3(c)(3):

*456 The jury, or if there is no jury, the court shall return a special verdict setting forth in writing the existence or non-existence of each of the aggravating and mitigating factors set forth in paragraphs (4) and (5) of this subsection. If any aggravating factor is found to exist, the verdict shall also state whether it is or is not outweighed by any one or more mitigating factors.
If "any aggravating factor exists and is not outweighed by one or more mitigating factors, the court shall sentence the defendant to death." N.J.S.A. 2C:11-3(c)(3)(a). If no aggravating factor exists, if one or more aggravating factors are outweighed by one or more mitigating factors, or if the jury is unable to reach a unanimous verdict, the defendant cannot be put to death. N.J.S.A. 2C:11-3(c)(3)(b)-(c). The State must establish aggravating factors by proof beyond a reasonable doubt, and "The defendant shall have the burden of producing evidence of the existence of any mitigating factor." N.J.S.A. 2C:11-3(c)(2). The statute does not specifically address burden with respect to the weighing process.
While the United States Supreme Court has provided that death cannot automatically be imposed as a result of a conviction for murder, see e.g., Woodson v. North Carolina and Roberts v. Louisiana (I), both supra, it has also made clear that all mitigating factors must be considered before the ultimate penalty can be imposed. See Eddings v. Oklahoma, Lockett v. Ohio, and Roberts v. Louisiana (II), all supra. But the court has not held that once a defendant has been convicted of purposeful or knowing murder and, in addition the State has proven one or more specific aggravating factors, defendant may not be required to show why he should not die.
A statutory scheme essentially similar to ours requiring the imposition of the death penalty upon a finding that the aggravating factors are not outweighed by the mitigating factors was found to be constitutional on its face. Proffitt v. Florida, supra, 428 U.S. at 249-251, 96 S.Ct. at 2965-2966. In Florida the defendant must present evidence directed to the jury's consideration of "whether sufficient mitigating circumstances exist ... which outweigh the aggravating circumstances found to exist...." Fla. Stat. Ann. § 921.141(2)(b). The jury is advisory *457 only, and the court in imposing death, "shall set forth in writing its findings upon which the sentence of death is based as to the facts (a) that sufficient aggravating circumstances exist... and (b) that there are insufficient mitigating circumstances ... to outweigh the aggravating circumstances." Fla. Stat. Ann. § 921.141(3). See Proffitt v. Florida, supra, 428 U.S. at 250, 96 S.Ct. at 2965. Our statute is substantially the same in terms of required findings by the jury.
Under our statute a defendant is required to produce evidence of mitigating factors. Technically, there is a difference between requiring a defendant to produce evidence of mitigating factors (and perhaps even that the mitigating factors outweigh the aggravating factors) and requiring him to sustain a burden of proof in that regard. The statute does not place a "burden of proof" on a defendant. It only requires defendant to produce evidence of the mitigating factors. See also N.J.S.A. 2C:1-13 and 14. The State must prove beyond a reasonable doubt the existence of the aggravating factors. Only if an aggravating factor is proven must a defendant produce evidence of any mitigating factors. Thus, the burden of proof beyond a reasonable doubt remains upon the State in order to prove the factors permitting imposition of death. See Mullaney v. Wilbur, 421 U.S. 684, 702, n. 31, 95 S.Ct. 1881, 1891, n. 31, 44 L.Ed.2d 508 (1975); Barnes v. United States, 412 U.S. 837, 846, n. 11, 93 S.Ct. 2357, 2363, n. 11, 37 L.Ed.2d 380 (1973); Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).
In the penalty phase we are concerned with a defendant already convicted of purposeful or knowing murder by his own conduct or procured by him. The culpability has been established. If a requirement of culpability exists with respect to any aggravating factor, the due process requirement is satisfied because the burden remains on the State to prove beyond a reasonable doubt the existence of the aggravating factor. Moreover, the mitigating factors are not elements of the offense and do not concern the culpability of the defendant. Therefore, *458 there is no constitutional requirement for the State to prove the insufficiency of such mitigating factors beyond a reasonable doubt. See Mullaney v. Wilbur, supra; In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); State v. Downs, 51 Ohio St.2d 47, 364 N.E.2d 1140, 1148 (Ohio Sup.Ct. 1977) vacated in light of Lockett, 438 U.S. 909, 98 S.Ct. 3133, 57 L.Ed.2d 1153 (1978). See also Bell v. Ohio, 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978) (footnote): Lockett v. Ohio, supra, 428 U.S. at 606-609, n. 16, 98 S.Ct. at 2965-2967, n. 16 (not deciding issue).[2]
In any event, our statute on its face addresses a defendant's burden of producing evidence and does not expressly provide for any burden of proof. Hence, any constitutional and statutory questions regarding the burden of proof with respect to the balancing process can be considered in advance of the charge and need not be addressed definitively at this time.
4. Defendants assert under New Jersey law that the scope of review of a sentence is inadequate to determine arbitrariness, excessiveness and disproportionality of punishment. *459 See State v. Whitaker, 79 N.J. 503 (1979); N.J.S.A. 2C:44-7. However, the statute regarding death penalty proceedings provides:
Every judgment of conviction which results in a sentence of death under this section may be appealed, pursuant to the rules of court, to the Supreme Court, which shall also determine whether the sentence is disproportionate to the penalty imposed in similar cases, considering the crime and the defendant." [N.J.S.A. 2C:11-3(e)].
Our Supreme Court undoubtedly is familiar with the United States Supreme Court opinions concerning review of the death penalty. See, e.g., Gregg v. Georgia, Proffitt v. Florida and Roberts v. Louisiana (I) all supra. It must be presumed that our Supreme Court will respect the statute and those cases relating to review of death penalty proceedings. See R. 2:2-2. See also N.J.S.A. Const. (1947) Art. VI, § V ¶ 1(c). The statute therefore cannot be challenged on this ground.
Finally, defendants attack N.J.S.A. 2C:11-3 on state grounds. Defendants quite correctly point out that a State can provide its citizens with protection greater than that afforded by the Federal Constitution. See, generally, State v. Hunt, 91 N.J. 338 (1982); State v. Alston, 88 N.J. 211, 225-226 (1981); State v. Schmid, 84 N.J. 535, 557 (1980); Brennan, "State Constitutions and Protection of Individual and Rights," 90 Harv.L.Rev. 489 (1977). They therefore assert that, properly construed, the New Jersey Constitution requires a holding that N.J.S.A. 2C:11-3 and, independently, the particular aggravating factor in question, N.J.S.A. 2C:11-3(c)(4)(c), are unconstitutional. Defendants point to decisions of our Supreme Court interpreting language in the New Jersey Constitution differently than the manner in which the United States Supreme Court has treated identical provisions of the Federal Constitution. See e.g., State v. Alston, supra (standing to assert unreasonable search and seizure); State v. Johnson, 68 N.J. 349 (1975) (consent search). See, also, State v. Hunt and State v. Schmid, both supra. Defendants also claim that the contemporary community standards must be considered; that our death penalty law must be reevaluated in that light (Trop v. Dulles, 356 U.S. 86, 98, 78 S.Ct. 590, 596, 2 *460 L.Ed.2d 630 (1958)), and that our prior Supreme Court opinions under our former death penalty complex are not binding and cannot be considered with respect to the validity of the present statutory scheme.
It must be emphasized that our Supreme Court upheld the death penalty in New Jersey as recently as 1968, State v. Forcella, 52 N.J. 263 (1968) rev. sub nom., Funicello v. New Jersey, 403 U.S. 948, 91 S.Ct. 2278, 29 L.Ed.2d 859 (1971), and struck the penalty only because of federal constitutional requirements, State v. Funicello, supra. Our Supreme Court has therefore upheld the constitutionality of the death penalty in this State and has never expressly or by implication deemed it per se unconstitutional or "cruel and unusual punishment." Its decision in Funicello was on Fifth or Sixth Amendment federal grounds, compelled by the United States Supreme Court. See 60 N.J. at 67.
Of course, the particular statute under attack must be reviewed, but to the extent the defendants claim that the death penalty must be considered per se unconstitutional or "excessive" or "cruel and unusual" the argument must be rejected under our State Constitution. Cf., State v. Funicello and State v. Forcella, both supra.
Nothing is suggested to persuade this court that the organic holdings of our Supreme Court related to the penalty itself do not control this case. To the contrary, even if contemporary considerations of fundamental justice and fairness may be considered, it appears that the public will is evidenced by the recent legislative action restoring the death penalty. Cf. State v. Des Marets, 92 N.J. 62 (1983). Insofar as the substantive and procedural aspects of this statutory complex are concerned, there is no real justification offered to interpret N.J. Const. (1947) Art. I, par. 12 differently from the Eighth Amendment to the federal constitution. A review of State v. Forcella, supra, indicates the historical basis and public policy of this State as of 1968. The public policy has been updated in chapter 111 of the *461 Laws of 1982, effective August 6, 1982. While our Supreme Court reads the Federal Constitution differently than the United States Supreme Court with respect to various issues addressed in Forcella, its reading of state policy is binding on this court. Every aspect of the majority opinion in Forcella is inconsistent with defendants' assertions under the State Constitution. Even the dissenters in Forcella must be presumed to have seen no organic concern under state law. Accord, State v. Funicello, supra. In any event, Chief Justice Weintraub must be deemed correct in terms of state constitutional law and judicial policy when he wrote for our Supreme Court in Forcella:
As to the question whether the death penalty serves a useful end, and its morality and fairness, these are matters which rest solely with the legislative branch of government. [52 N.J., at 293].
Even assuming the jurisdiction to reject this thesis, there is no sound reason to do so. There is no policy reason justifying divergent interpretations of state and federal law concerning capital punishment. This is particularly true as our Supreme Court has consistently upheld it against various constitutional challenges, including Eighth Amendment claims of "cruel and unusual punishment". State v. Doss, 60 N.J. 32, 35 (1972); State v. Forcella, supra.
The motions are denied.
NOTES
[1] R. 3:14-1 is undoubtedly an endeavor to identify capital cases so that procedures unique to a prosecution involving the death penalty can be utilized. As N.J.S.A. 2C:11-3(c)(2) requires notice of the aggravating factors "prior to commencement of the sentencing proceeding, or at such time as (the prosecutor) has knowledge of the existence of an aggravating factor ...", no cut off with respect to notice of the particulars has been granted, to date, in this case. Leave to file an application for a "cut off" has been granted and will be considered separately.
[2] The motions addressed to the constitutionality of N.J.S.A. 2C:11-3, based on both federal and State grounds, are being decided separately. This opinion will also be supplemented orally with respect to the validity of the aggravating factor and definition of terms employed in N.J.S.A. 2C:11-3(c)(4)(c). To the extent defendants have attacked the aggravating factor under the State Constitution, the issue will be considered when the court addresses N.J.S.A. Const. (1947), Art. 1, par. 12, whether it is coextensive with the Eighth Amendment, and other provisions of State law with respect to the motion addressed to N.J.S.A. 2C:11-3 generally.
[3] While Godfrey therefore stands for the proposition that the failure to follow the limiting construction constitutes the type of "standardless and unchanneled imposition of death sentences in the uncontrolled discretion of a basically uninstructed jury" 446 U.S., at 429, 100 S.Ct. at 1765, prohibited in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), it seems to indicate what constitutional standard would be acceptable. See also Zant v. Stephens, 456 U.S. 410, 102 S.Ct. 1856, 72 L.Ed.2d 222 (1982).
[4] In light of footnote 51 in Gregg, and footnote 11 in Proffitt I do not read the word "held" in Godfrey, supra, 446 U.S., at 422, 100 S.Ct., at 1762, to mean that the court has ruled on this issue. Because the aggravating and mitigating factors relate to punishment of one convicted of murder, and not to the offense itself, there are issues as to the scope of application of the Fourteenth Amendment's Due Process Clause in this context, independent of the Eighth Amendment. See Lockett v. Ohio, 438 U.S. 586, 597, 98 S.Ct. 2954, 2961, 57 L.Ed.2d 973, 985 (1978).
[5] The required culpability concerning the torture or aggravated battery will be addressed separately. The sentencing proceeding under our statute resembles the trial of guilt or innocence itself and issues relating to proofs should generally be considered at that time. Cf, Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).
[1] This opinion follows my holding that the aggravating factor is constitutional and therefore that this matter remains subject to the death penalty. As to standing to challenge the aggravating factors not noticed in this case see, e.g., State v. Saunders, 75 N.J. 200, 208-209 (1977).
[2] The Ohio experience is significant. In that State a defendant convicted of aggravated murder must prove mitigating factors by a preponderence of evidence in order to avoid death. The burden of persuasion is placed on defendant. Indicating traditional differences between trials and sentencing proceedings with respect to issues of proof, the Ohio Supreme Court held that the risk of nonpersuasion is upon defendant "but does not impose an unconstitutional burden upon the defendant which would render the Ohio statutory framework for the imposition of capital punishment unconstitutional." State v. Downs, 51 Ohio St.2d 47, 364 N.E.2d 1140, 1148 (Sup.Ct. 1977). The court concluded that lack of mitigation was not "an additional and constitutionally mandated element of a capital offense, and the state is not constitutionally required to prove the lack of such mitigating factors beyond a reasonable doubt." Id. In Bell v. Ohio, 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978), decided after Downs, the United States Supreme Court did not rule on petitioner's Eighth and Fourteenth Amendment claims of unconstitutionality that "the defendant must bear the risk of nonpersuasion as to the existence of mitigating factors." At 642, 98 S.Ct. at 2980 (footnote). It should be noted that by placing the burden of persuasion by a preponderance of the evidence upon the defendant, he then bears the risk of nonpersuasion. Our statute contains no language regarding such burden of proof.